IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ANTHONY WOODLAND                                                PLAINTIFF

VS.                                        CIVIL ACTION NO. 5:05CV85DCB-JCS

CITY OF VICKSBURG, BILLY BROWN,                                DEFENDANTS
TOM WILSON, JEFF MERRITT, BOBBY
STEWART, WAYNE SMITH, TOMMY
MOFFETT, LARRY BURNS, WALTERINE
LANGFORD AND ATTORNEY GENERAL
JIM HOOD

<u>ORDER</u>

        This cause is before the court on the motion of defendant Attorney General Jim Hood to

dismiss for failure to effect service of process or, alternatively, for failure to state a claim upon

which relief may be granted, pursuant to Rule 12(5) and (6) of the Federal Rules of Civil

Procedure.  Plaintiff Anthony Woodland, who is proceeding <u>pro se</u>, opposes the motion, and for

the reasons which follow, the court concludes that the motion will be dismissed with leave to

reurge, following the court's screening of the case under 28 U.S.C. § 1915A.

        Plaintiff  is a inmate currently incarcerated in the Beaumont Federal Correctional

Complex  in Beaumont, Texas.  He has paid the requisite filing fee and brings this action against

the City of Vicksburg and the individual defendants, all of whom, except Hood, are apparently

city employees.  According to the complaint, on April 17, 2004, plaintiff was arrested by City of

Vicksburg police officers during a raid on a house that Woodland was visiting.   Woodland

alleges that during the raid, defendant Billy Brown, a City of Vicksburg Police Officer,

"approached [him], and struck [him] in the head with a police flashlight, and caused a heavy flow

of blood to exit from [his] head, and [he] needed emergency hospital treatment."  Woodland

further charges that the defendant officers involved in the raid not only failed to report the incident, but also conspired to cover up the assault.

Thereafter, according to Woodland, Police Chief Tommy Moffett, provided false information to and concealed information from plaintiff's family, who were conducting an "independent investigation into the assault." The complaint likewise charges that internal affairs officer Larry Burns and City Attorney Walterine Langford "intentionally concealed information during the investigation from Mr. Woodland's family members involving the above Officers prior bad acts." As to defendant Hood, the complaint, in toto, states:

> Jim Hood Attorney General . . . participated in the instant conspiracy in 2004 by giving false information and concealing files during the investigation, and participated in the cover up of illegal acts, and ordering the investigation to be closed.  . . . .

> As part of the conspiracy the attorney general Jim Hood [gave] false information to Mr. Woodland's family members, and conceal[ed] requested files during the investigation from Mr. Woodland's family member, and covered up illegal acts by the above officers.

For his part, defendant Hood urges that dismissal is required inasmuch as plaintiff failed to properly effect service of process or, alternatively, because he has failed to state a claim upon which relief may be granted. In response, Woodland urges that his service by mail was proper, and alternatively, requests an opportunity to re-serve the defendant. He further urges that Hood is not entitled to prosecutorial immunity, as Hood has urged, and maintains that discovery is required.

As set forth above, plaintiff in this action is proceeding pro se. However, as the plaintiff paid the filing fee in this case, the complaint did not undergo screening pursuant to 28 U.S.C.

1915(e).[1]  This being said, as Woodland is seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.  Specifically, with regard to cases brought by prisoners suing employees of governmental agencies, § 1915A(a) mandates that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Subparagraph (b) of § 1915A further mandates that the court "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, or fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is immune from such relief."

Accordingly, so that the court may properly evaluate plaintiff's claims against Hood, as well as the City of Vicksburg defendants, it is ordered:

---

[1]       This section provides:

**(e)(1)** The court may request an attorney to represent any person unable to afford counsel. **(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

**(A)** the allegation of poverty is untrue; or

**(B)** the action or appeal--

**(i)** is frivolous or malicious;

**(ii)** fails to state a claim on which relief may be granted; or

**(iii)** seeks monetary relief against a defendant who is immune from such relief.

3

That within twenty (20) days of this date plaintiff shall file a written response[2] which will:

(a)  specifically state if the complained of search and seizure of April 17, 2004,  is, in any way, related to the conviction or convictions which the plaintiff is currently incarcerated for;

(b)  specifically state if the plaintiff's person was searched and what personal belongings were seized;

(c)  specifically state if items seized at the complained of search of April 17, 2004, if any, were used as evidence in a trial that resulted in plaintiff being convicted of a felony and if so, is plaintiff currently incarcerated based on that felony conviction or convictions;

(d)  specifically state what felony or felonies the plaintiff is currently incarcerated for, the date of the plaintiff's conviction(s) as well as the county and/or jurisdiction of his conviction(s);

(e) specifically state the length of the plaintiff's current criminal sentence(s);

(f) specifically identify the date and circumstances of plaintiff's arrest by federal authorities and state whether this arrest led to the conviction for which he is currently incarcerated;                                                  (g) clarify whether the claims against defendants Moffett, Hood, Burns and

---

[2]      Plaintiff is advised that the Court is screening his complaint under 28 U.S.C. § 1915A.  Therefore, plaintiff is warned that a response to a Court order that states "Rule 9 of the Federal Rules of Civil Procedure only requires notice pleading" and that does not fully answer the Court's questions, will be deemed non-compliance with a Court order and may result in dismissal of this suit for plaintiff's failure to comply with a Court order.

Langford arise from their alleged failure to participate in and/or stop the "independent investigation into the [alleged] assault," by plaintiff's family; (h) specifically identify any other investigation of the alleged assault of which you are aware, stating the person or entity conducting the investigation and the outcome of any such investigation; and                                   (i) clarify whether you contend that defendant Hood withheld information relevant to a defense in a criminal prosecution against you.

It is further ordered that defendant Hood's motion to dismiss is denied without prejudice and that plaintiff's request for additional time to effect service of process, which the court construes as an ore tenus motion pursuant to Rule 4(m), is likewise denied without prejudice, pending the court's § 1915A evaluation of his case.

SO ORDERED, this the ___17th___ day of March, 2006.


                    _____s/ David Bramlette_____
                    UNITED STATES DISTRICT JUDGE