```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION
```

ANTHONY WOODLAND                                           PLAINTIFF

VERSUS                              CIVIL ACTION NO. 5:05cv85DCBJCS

CITY OF VICKSBURG, BILLY BROWN,
TOM WILSON, JEFF MERRITT,
BOBBY STEWART, WAYNE SMITH,
TOMMY MOFFETT, LARRY BURNS,
WALTERINE LANGFORD, and
ATTORNEY GENERAL JIM HOOD                                 DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Anthony Woodland's Objection to Magistrate Judge Sumner's Report and Recommendation [**docket entry no. 21**]. Having reviewed the Objection, Report and Recommendation, complaint, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds as follows:

### FACTS AND PROCEDURAL HISTORY

On April 17, 2004, Anthony Woodland was arrested at a friend's house in Vicksburg, Mississippi as the result of a police drug raid. Woodland alleges that during the raid, he was obediently lying face-down on the floor when Vicksburg Officer Billy Brown struck him in the head with a flashlight. Woodland claims that this alleged attack "caused a heavy flow of blood to exit from Mr. Woodland's head, and Mr. Woodland needed emergency hospital treatment." (Compl. 4.)

On May 31, 2005, Woodland brought this 42 U.S.C. § 1983 suit against Billy Brown, the City of Vicksburg, four individual law enforcement officers,[1] Vicksburg Chief of Police Tommy Moffett, Internal Affairs Officer Larry Burns, Assistant City Attorney Walterine Langford, and Attorney General Jim Hood.[2] Count One of the complaint contains an allegation of a RICO[3] violation against Billy Brown and the individual officers. The plaintiff further alleges that the individual officers conspired to cover up Brown's assault by failing to file a report. Woodland also argues that Chief Moffett, Officer Burns, City Attorney Langford, and Attorney General Hood conspired together to conceal information about Brown's alleged use of excessive force. Count Two of the complaint contains various § 1983 claims against the individual defendants. Initially, Woodland avers that Brown violated his Fourth Amendment right to be free from the use of excessive force. The plaintiff also claims that he had a right under the Due Process Clause of the

---

[1] These law enforcement officers are Tom Wilson, Jeff Merritt, Bobby Stewart, and Wayne Smith. Since Woodland's complaint categorizes these individual officers together, the Court treats them as a distinct group.

[2] To the extent that Woodland's claims are against the Vicksburg employees in their official capacities, those claims are properly construed as Monell claims directly against the city itself, and such claims require proof of Monell-type evidence. See generally Brandon v. Holt, 469 U.S. 464 (1985).

[3] Racketeer Influenced and Corrupt Organization's Act, 18 U.S.C. § 1961, *et seq.*

Fifth Amendment[4] to "receiv[e] truthful information during [the] investigation."  Woodland claims that the individual defendants[5] violated this Due Process right.  Count Three, *in toto*, states, "COUNT III – 1983 ACTION AGAINST CITY FOR FAILURE TO PROPERLY INSTRUCT, SUPERVISE, CONTROL, & DISCIPLINE." (Compl. 7.)

Pursuant to 28 U.S.C. § 1915A, Magistrate Judge Sumner undertook a screening of this case.[6]  Section 1915A mandates that the Court must independently review all cases brought by prisoners against government entities or employees.  The Court is further directed by § 1915A to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.  At

---

[4]The Court will consider this claim as though it was alleged under the Fourteenth Amendment.

[5]The plaintiff's complaint states that the "Individual Officers" violated his right to receive information; however, when read in conjunction with the "FACTS" section of his complaint, it is clear that Woodland is alleging such a violation by all of the individual defendants.

[6]While Woodland's case is not the type of § 1983 suit typically referred to as "§ 1983 prisoner litigation," i.e., conditions of confinement, § 1915A's screening requirement nevertheless applies. See Woodruff v. Wyoming, 49 Fed. Appx. 199 (10th Cir. 2002) (stating that § 1915 is not limited to litigation involving prison conditions); U.S. v. Jones, 215 F.3d 467, 469 (4th Cir. 2000) (same); Lefkowitz v. Citi-Equity Group, Inc., 146 F.3d 609, 612 (8th Cir. 1998) (stating that § 1915 "is not limited to challenges to conditions of confinement").

the time this suit was filed, Woodland was an inmate at the Beaumont Federal Correctional Complex in Beaumont, Texas for a crime unrelated to the facts of this case.

The Court issued an Order on March 16, 2006 directing the plaintiff to clarify several of his claims [docket entry no. 17]. In regard to Chief Moffett, Attorney General Hood, Officer Burns, and City Attorney Langford, the plaintiff responded that each "failed to properly investigate the serious assault that occurred against plaintiff by Billy Brown. . . . Said defendants failed to keep plaintiff abreast of the findings of the investigation. . . . [T]husly [sic] violating his due process rights to be free from harm by police officers." (Resp. Court's March 16, 2006 Order, 2.) The plaintiff was further directed to clarify whether the alleged information withheld by Attorney General Hood hindered his defense of any criminal suit. Woodland responded, "Plaintiff requested the investigative reports [of the alleged assault by Brown] and defendant Hood withheld the reports from plaintiff and his family, and these reports will prove out the plaintiffs [sic] claims once discovery is established, and a jury trial set forth." (Id. at 3.) On June 26, 2006, Judge Sumner entered his Report and Recommendation [docket entry no. 20], which recommends that all of the claims against Defendants Hood, Langford, Moffett, and Burns be dismissed for failure to state a cognizable § 1983 claim. The plaintiff then timely filed his Objection to Magistrates [sic]

Report and Recommendation [docket entry no. 21].

## DISCUSSION

### I.  RICO Claims

Before delving into whether the plaintiff states a cognizable RICO claim, the Court notes that the plaintiff has failed to file a RICO Statement. On July 13, 1998, the United States District Court for the Southern District of Mississippi issued a Standing Order directing all RICO claimants to file a RICO Statement.  The RICO statement should be filed with the complaint, and Courts have held that a failure to file such a statement warrants dismissal. See Pierce v. Ritter, Chusid, Bivonia, & Cohen, 133 F. Supp. 2d 1344, 1346 (S.D. Fla. 2001) (dismissing RICO claim for failure to file RICO Statement as required by Southern District of Florida Local Rule 12.1).  Although fully within the Court's power, to dismiss a pro se plaintiff's RICO claim at this juncture for failing to file the required RICO Statement would be a draconian penalty.  Therefore, the plaintiff is ordered to supply the Court with a RICO Statement within twenty days of the entry of this order.  Woodland's statement must strictly follow the numbering format of the July 13, 1998 standing order, and the statement must respond to each inquiry with specificity.

### II.  42 U.S.C. § 1983 Claims

Section 1983 of Title 42 of the United States Code provides a plaintiff with a cause of action against a state actor who deprived

that plaintiff of a right secured by the Constitution or laws of the United States. The enactment of § 1983 did not create any new rights; rather, § 1983 is a mechanism which allows a plaintiff to seek redress for the violation of his constitutional rights. It is therefore axiomatic that where there has been no violation of a constitutional or federal statutory right, there can be no § 1983 cause of action. Baker v. McCollan, 443 U.S. 137, 140 (1979).

that plaintiff of a right secured by the Constitution or laws of the United States. The enactment of § 1983 did not create any new rights; rather, § 1983 is a mechanism which allows a plaintiff to seek redress for the violation of his constitutional rights. It is therefore axiomatic that where there has been no violation of a constitutional or federal statutory right, there can be no § 1983 cause of action. Baker v. McCollan, 443 U.S. 137, 140 (1979).

1.   The Four Individual Officers

The plaintiff's § 1983 claims against Officers Wilson, Merrit, Stewart, and Smith are based on the defendants' alleged conspiracy to cover up Officer Brown's use of excessive force. Liberally construed, the plaintiff's complaint contains the argument that the conspiracy violated his right to "receiv[e] truthful information during an investigation." (Compl. 7.) The plaintiff has not argued that these defendants should be liable under a theory of "failure to intervene." See generally Thompson v. Boggs, 33 F.3d 847 (7th Cir. 1994).

As a general rule, the failure of a police officer to report another officer's use of excessive force does not rise to the level of an actionable constitutional wrong. See Franklin v. Kansas City, 959 F. Supp. 1380 (D. Kan. 1997); Payton v. DuBroc, 2006 WL 2925387 (W.D. La. 2006). Likewise, an officer's falsification of a police report does not give rise to a § 1983 cause of action. White v. Tamlyn, 961 F. Supp. 1047 (E.D. Mich. 1997). Moreover,

the plaintiff's asserted right to "receive truthful information during an investigation" is only actionable under § 1983 in the limited context of "access to the courts." Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999) (recognizing prisoner's right of access to the courts). The Seventh Circuit has held that "th[e] constitutional right [of access to the courts] is lost where . . . police officials shield[] from the public and the victim's family key facts **which would form the basis** of the family's claim for redress." Bell v. Milwaukee, 746 F.2d 1205, 1261 (7th Cir. 1984) (emphasis added).

In Thompson v. Boggs, 33 F.3d 847 (7th Cir. 1994), the Seventh Circuit held that a plaintiff was not deprived of his right of access to the courts where observing officers failed to report a fellow officer's abuse of the plaintiff. In Thompson, the plaintiff brought a § 1983 action against Officers Noble and Boggs. Id. at 849. The plaintiff claimed that at the conclusion of a high speed chase, Officer Boggs used excessive force against him while making the arrest. Id. Thompson also alleged that Officer Noble violated his constitutional right of access to the courts by his "failure to set forth in [his] police report the key facts that Boggs [used excessive force]." Id. at 852. The court held that "Thompson . . . was not deprived of adequate, effective, or meaningful access to the courts because he was personally involved in the incident and thus had firsthand knowledge of all the facts

and circumstances surrounding his arrest." Id.

The current facts are closely akin to those of Thompson. Woodland was the victim of Brown's alleged use of excessive force; therefore, he had ample knowledge of the relevant events to file his § 1983 Fourth Amendment claim. As such, Woodland was not deprived of judicial access by the individual officers' failure to report Brown's use of force. Had the plaintiff been knocked unconscious or otherwise not known how he was injured, the outcome may have been different. See Bell, 746 F.2d at 1261 (allowing judicial access claim where suit was brought by decedent's representatives because the defendants' cover-up prevented the plaintiffs from discovering they had a cause of action).

2. Defendants Hood, Langford, Moffett, and Burns

As clarified by the plaintiff in his April 13, 2006 response, the plaintiff's claims against Defendants Hood, Langford, Moffett, and Burns concern their alleged failure to "properly investigate the serious assault that occurred against plaintiff by Billy Brown." (Resp. Court's March 16, 2006 Order, 2.) As previously mentioned, "failure to investigate" is not a violation of a federal statutory or constitutional right. See Andrews v. Fowler, 98 F.3d 1069, 1078-79 (8th Cir. 1996) (holding that sheriff's failure to investigate an alleged rape by a deputy did not constitute a deprivation of a constitutional right giving rise to § 1983 liability); Hale v. Vance, 267 F. Supp. 2d 725 (S.D. Ohio 2003)

(stating that any duty to investigate levied upon officers was done so by state law rather than federal law or the Constitution). As such, the plaintiff has failed to state a cognizable § 1983 claim against Defendants Hood, Langford, Moffett, and Burns.

### 3. Officer Billy Brown

The plaintiff alleges that Brown struck him in the head while he was lying face-down on the floor and handcuffed. Such allegations are sufficient to state a claim of excessive force under the Fourth Amendment.

### 4. City of Vicksburg

Although the plaintiff has failed to elaborate on his Monell claim against Vicksburg, he did aver a failure on the part of the city to properly instruct and supervise the officers. See Haines v. Kerner, 404 U.S. 519 (1972) ("[T]he allegations of a pro se complaint . . . [should be held] to less stringent standards than formal pleadings drafted by lawyers.") Failure to train and supervise claims are cognizable under Monell. See City of Canton v. Harris, 489 U.S. 378 (1989); Oklahoma City v. Tuttle, 471 U.S. 808 (1985).

**CONCLUSION**

Although within the Court's power to dismiss a RICO complaint for failure to file a RICO Statement, such a dismissal is not warranted in this case. Rather, the plaintiff is ordered to comply with the RICO Standing Order within twenty days of the entry of

this memorandum opinion and order.  The plaintiff has failed to state a cognizable § 1983 claim against Defendants Wilson, Merrit, Stewart, Smith, Hood, Langford, Moffett, and Burns for the reasons stated herein.  As such, § 1915A requires that these claims be dismissed with prejudice.  See generally Sanders v. Bertrand, 72 Fed. Appx. 442 (7th Cir. 2003) (stating that "a dismissal for failure to state a claim under § 1915A should be made with prejudice").  The plaintiff has stated a cognizable Fourth Amendment claim against Officer Brown.  The plaintiff has also stated a cognizable Monell claim against the City of Vicksburg. Accordingly,

IT IS HEREBY ORDERED that the plaintiff's Objection to Magistrate Judge Sumner's Report and Recommendation [**docket entry no. 21**] is **DENIED.**

IT IS FURTHER ORDERED that the plaintiff must file a compliant RICO Statement within twenty days of entry of this Order or face dismissal of his RICO claims.

IT IS FURTHER ORDERED that the plaintiff's § 1983 claims against Defendants Wilson, Merritt, Stewart, Smith, Hood, Langford, Moffett, and Burns are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A.

SO ORDERED, this the 21st day of November, 2006.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE